## RICHARD MOGG v. STATE.

No. A-3355.   Opinion Filed Oct. 15, 1919.

(183 Pac. 520.)

Appeal from District Court, Canadian County; Geo. W. Clark, Judge.

Richard Mogg was convicted of grand larceny, and he appeals. Appeal dismissed, and cause remanded, with direction.

Chas. H. Carswell and J. N. Roberson, for plaintiff in error.

The Attorney General and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error, Richard Mogg, was tried and convicted in the district court of Canadian county on an information charging the theft of one Ford automobile. the personal property of one J. C. Shriver, and in accordance with the verdict of the jury he was on the 28th day of December, 1917, sentenced to serve a term of one year in the penitentiary at McAlester.   From the judgment an appeal was perfected by filing in this court on May 10, 1918, a petition in error, with case-made.

. On July 5, 1919, plaintiff in error filed a motion to dismiss his appeal.   The appeal herein is therefore dismissed, and the cause remanded to the trial court, with direction to cause its judgment to be carried into execution.   Mandate forthwith.

---

## CHARLIE SANDS v. STATE.

No. A-3268.   Opinion Filed Oct. 21, 1919.

(183 Pac. 429.)

Appeal from District Court, Greer County; T. P. Clay, Judge.

Charlie Sands was convicted of a violation of the prohibitory liquor law, and appeals.   Affirmed.

Stewart & Edwards. for plaintiff in error.

W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error was convicted in the district court of Greer county of the offense of having in his possession intoxicating liquors with intent to sell the same.

It is alleged in the information that he had been previously convicted in the county court of Greer county of the offense of selling whisky.   Judgment was rendered in accordance with the verdict, and he was sentenced to be confined for 30 days in the county jail and pay a fine of $50.   From the judgment he appeals.

The only evidence is that introduced by the state, and it is ample to sustain the verdict.   Discovering no prejudicial error in the record, the judgment is affirmed.   Mandate forthwith.